

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 29, 2015**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | |
| **Jimmie Lee Dickerson and Curtestene Dickerson,** | § § § | **Case No. 14-70389-hdh7** |
| **Debtors.** | § § | |
| | | |
| **William T. Neary, United States Trustee,** | § § § § | |
| Plaintiff, | § § | **Adversary No. 15-7001** |
| v. | § § § | |
| **Derrick Anthony Walker,** | § § § | |
| Defendant. | § | |

### Findings of Fact and Conclusions of Law

This cause came before the Court for trial on the *Complaint of the United States Trustee Seeking Fines and Injunctive Relief Against Defendant Derrick Anthony Walker Under 11 U.S.C.*

*§ 110.*[1] On September 16, 2015, the Court heard the testimony, reviewed the pleadings, observed the witness, reviewed the evidence, and considered the arguments of parties. Based on the record adduced, the Court makes the following findings of fact and conclusions of law.[2]

### Findings of Fact

**General Background**

1. Derrick Anthony Walker is an individual who lives at 812 Tulsa Street, Wichita Falls, Texas 76301. Mr. Walker is not an attorney.

2. Jimmie Lee Dickerson and Curtestene Dickerson are individuals who live at 1710 Lamar Street, Vernon, Texas 76384.

3. Ms. Dickerson was 61 years old as of January 22, 2015 and takes care of her husband.

4. Mr. Dickerson was 84 years old as of January 22, 2015 and has had multiple strokes.

**The Defendant Prepares and Files the Bankruptcy Petition**

5. The Debtors filed for bankruptcy because they were not able to keep up with their various bills.

6. Debtor Curtestene Dickerson testified that she and her husband paid the Defendant to prepare their bankruptcy paperwork. The Defendant testified that he received this payment from the Debtors but disputed that the full payment was for bankruptcy services. The Defendant provided no additional evidence to support his testimony that any portion of the Debtors' payment was not for bankruptcy services. Curtestene Dickerson's testimony was more credible. The Court

---

[1] Docket No. 1.

[2] Any Finding of Fact that more properly should be construed as a Conclusion of Law shall be considered as such, and *vice versa*.

2

finds that the Debtors paid the Defendant to prepare their bankruptcy paperwork.

7. The Defendant received money from the Debtors for the bankruptcy filing fee.

8. Neither the Defendant nor the Debtors recall signing an engagement letter.

9. Curtestene Dickerson testified that the Defendant advised Ms. Dickerson regarding dischargeability of debts in a bankruptcy case. The Defendant disputed giving Ms. Dickerson advice regarding dischargeability of debts, but Ms. Dickerson's testimony was more credible. The Court finds that the Defendant advised Ms. Dickerson regarding dischargeability of debts in a bankruptcy case.

10. The Defendant advised the Debtors about the steps in the bankruptcy process, including credit counseling.

11. The Defendant filled out by hand a chapter 7 bankruptcy petition for the Debtors (the "Bankruptcy Petition").

12. Both Debtors signed the Bankruptcy Petition.

13. The Defendant also signed, under penalty of perjury, the Bankruptcy Petition as a bankruptcy petition preparer with his Social Security number and street address.

14. The Defendant did not sign the Bankruptcy Petition as the Debtors' attorney-in-fact.

15. The Bankruptcy Petition is dated November 27, 2014.

16. For the Debtors' mailing address on the Bankruptcy Petition, the Defendant inserted his own personal address.

17. All bankruptcy-related correspondence was therefore mailed to the Defendant and not the Debtors.

18. The Defendant mailed the Bankruptcy Petition to the United States Bankruptcy

Clerk's Office for the Northern District of Texas on the Debtors' behalf.

19. The Defendant prepared and mailed an Official Form B 3A, titled "Application for Individuals to Pay the Filing Fee in Installments" along with a $50 filing fee to the United States Bankruptcy Clerk's Office for the Northern District of Texas on the Debtors' behalf.

20. At the trial in the adversary proceeding, and directly contrary to earlier testimony in the underlying bankruptcy case, the Defendant testified that he signed Debtor Jimmie Lee Dickerson's name to Form B3A.

21. The Defendant also mailed credit counseling certificates for both Debtors to the United States Bankruptcy Clerk's Office for the Northern District of Texas on the Debtors' behalf.

22. The Bankruptcy Petition was accepted by the Bankruptcy Clerk's Office on December 1, 2014, thereby commencing case no. 14-70389-hdh7.

23. The Defendant did not include an Official Form 19, titled "Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer," with the Bankruptcy Petition mailed to the Bankruptcy Clerk's Office.

24. The Defendant did not include an Official Form 280, titled "Disclosure of Compensation of Bankruptcy Petition," to be filed with the Bankruptcy Petition.

25. The Bankruptcy Clerk's office issued a notice of deficiency in the Debtors' bankruptcy case on December 1, 2014. The notice of deficiency requested the following documents:

   a. A creditor mailing matrix
   b. Schedules A-J
   c. Statement of Financial Affairs
   d. Statistical summary/summary of Schedules

    e. Exhibit D of the Bankruptcy Petition

    f. Form 21 Statement of Social Security Number

    g. Copies of employee income records

    h. Statement of Current Monthly Income

26. The Defendant was supposed to forward documents received from the Bankruptcy Court to Ms. Dickerson. Curtestene Dickerson testified that she relied on the Defendant to explain the meaning of these papers. The Defendant disputed this claim, but his testimony is contradictory and Curtesene Dickerson's testimony is more credible. The Court finds that Ms. Dickerson relied on the Defendant to explain the meaning of documents received from the Bankruptcy Court.

**The Court Dismisses the Bankruptcy Case**

27. The Court dismissed the case on December 9, 2014 because the Debtors did not cure certain deficiencies, including failure to file a creditor mailing matrix, Form B21, or Exhibit D with the Bankruptcy Petition.

28. The Debtors did not receive a copy of the order dismissing their case at their home address.

29. Ms. Dickerson learned about the dismissal through a third party.

30. Ms. Dickerson subsequently contacted the Bankruptcy Clerk's Office about the dismissal.

**The Court Holds a Show Cause Hearing**

31. After learning of Ms. Dickerson's communication with the Bankruptcy Clerk's Office, the Court entered an *Order to Appear* requiring 1) one or both Debtors and 2) the Defendant to appear and explain why the case "was filed and then neglected."

32. The Court scheduled the show cause hearing for January 22, 2015.

33. Both Ms. Dickerson and the Defendant appeared and testified under oath at the January 22, 2015 hearing. That testimony was offered into evidence at the trial in the adversary proceeding without objection.

34. Subsequent to that hearing and to the filing of the adversary proceeding, the Defendant continued to provide services to the Debtors; he prepared a motion in the Debtors' bankruptcy case seeking relief against one of their lenders.

**The Defendant's Prior Injunction**

35. In an earlier bankruptcy case in the Northern District of Texas styled *In re Roberts*, Case No. 99-70308-rcm13, Judge Robert C. McGuire entered a judgment which, among other things, permanently enjoined the Defendant "from assisting or participating, in any manner, whether as a bankruptcy petition preparer, or otherwise, in any bankruptcy case in the Northern District of Texas." The docket for that case reflects that the Defendant attempted by motion to set aside that judgment. *See* Docket No. 45 at p. 5, evidencing the Defendant's motion for reconsideration at Docket No. 31 in the *In re Roberts* case.

36. At the trial of the instant adversary proceeding, the Defendant indicated that he was unaware of the judgment of Judge McGuire. The Court afforded the Defendant the opportunity to submit a written response to the Court's questions regarding the injunction entered in *In re Roberts* on or before September 23, 2015. The Defendant's deadline to submit a written response was subsequently extended to October 9, 2015. The Court received and considered the Defendant's written response to this inquiry, which was filed on October 21, 2015. [Docket No. 60].

## Conclusions of Law

**Jurisdiction and Venue**

37. Venue of this proceeding is proper in the United States Bankruptcy Court for the

Northern District of Texas pursuant to 28 U.S.C. § 1409(a).

38. Pursuant to 28 U.S.C. § 1334(b), the Court has subject matter jurisdiction over this matter as one arising under title 11.

39. The Complaint, which is filed pursuant to 11 U.S.C. § 110, is a core matter. *See* 28 U.S.C. § 157(a). This Court has statutory and constitutional authority to enter a final judgment in this core matter.

40. The United States Trustee has standing to file a complaint seeking fines and injunctive relief under 11 U.S.C. §§ 110(h)(4), (i)(1), (j)(1), and (l)(3).

**The Defendant is a bankruptcy petition preparer.**

41. Under 11 U.S.C. § 110(a)(1), a "bankruptcy petition preparer" is someone, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares, for compensation, for a debtor "documents for filing," as that term is defined in 11 U.S.C. § 110(a)(2). The Defendant stated under penalty of perjury in the Debtors' petition that he is a bankruptcy petition preparer and Curtestene Dickerson's testimony supports that conclusion. The Court concludes that the Defendant is a "bankruptcy petition preparer" as that term is defined in section 110 of the Bankruptcy Code.

**The Defendant failed to comply with the notice provisions of 11 U.S.C. 110(b)(2).**

42. Section 110(b)(2)(A) of the Bankruptcy Code provides that "before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy

Procedures."[3]

43. A notice under 11 U.S.C. § 110(b)(2)(A) "(i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice; (ii) may contain a description of examples of legal advice that a petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and (iii) shall (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and (II) be filed with any document for filing." 11 U.S.C. § 110(b)(2)(B).

44. While the Debtors had prior knowledge that the Defendant was not an attorney, no Official Form 19 has been filed with the Court. Furthermore, neither the Defendant nor Ms. Dickerson recalled an engagement letter when they testified under oath at the January 22, 2015 hearing. The Court concludes that the Defendant failed to provide written notice to the Debtors in accordance with 11 U.S.C. § 110(b)(2)(A).

45. The Bankruptcy Petition, as filed, is not accompanied by a filed notice signed by the Debtors and, under penalty of perjury, by the Defendant as prescribed by 11 U.S.C. § 110(b)(2)(B)(iii). The Court concludes that the Defendant failed to comply with the notice provisions of 11 U.S.C. § 110(b)(2)(B).

**The Defendant offered legal advice in violation of 11 U.S.C. § 110(e)(2)(A).**

46. Section 110(e)(2)(A) of the Bankruptcy Code provides that a "bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice." 11 U.S.C. § 110(e)(2)(A).

47. The Defendant's legal advice to the Debtors included the following:

---

[3] Official Form 19 has been promulgated by the Judicial Conference for this purpose.

    A.    Whether their debts would be discharged in bankruptcy;

    B.    That they should obtain credit counseling;

    C.    That they should list his mailing address on the petition, advice which led to the dismissal of the case because the Debtors did not timely learn of the case filing deficiencies or the order dismissing the case;

    D.    Preparing a motion for filing with this Court, seeking sanctions against a lender;

    E.    Explaining various documents received from the Bankruptcy Court to the Debtors.

48. Accordingly, the Defendant provided legal advice in violation of 11 U.S.C. § 110(e).

**The Defendant collected court fees from the Debtors in violation of 11 U.S.C. § 110(g).**

49. "A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." 11 U.S.C. § 110(g).

50. The Defendant violated 11 U.S.C. § 110(g) by collecting a $50 filing fee from the Debtors to file the Bankruptcy Petition with the Bankruptcy Court.

**The Defendant failed to file a declaration of fees as required by 11 U.S.C. § 110(h)(2).**

51. "A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under [section 110(h)(1)], the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under [section 110(h)(1)]." 11 U.S.C. § 110(h)(2).

9

52. The Defendant received funds from the Debtor in excess of the $50 filing fee that he paid to the Bankruptcy Court on behalf of the Debtors. The Defendant violated 11 U.S.C. § 110(h)(2) by failing to file, along with the Bankruptcy Petition, a declaration under penalty of perjury disclosing any fee received from or on behalf of the Debtors within twelve months immediately prior to the filing of the case, and any unpaid fee charged to the Debtors.

**The Defendant should be enjoined from preparing bankruptcy petitions in the Northern District of Texas under 11 U.S.C. § 110(j)(2).**

53. Section 110(j)(2) of the Bankruptcy Code states:

(A) In an action under [section 110(j)(1)], if the court finds that –

   (i) a bankruptcy petition preparer has –

   (I) engaged in conduct in violation of this section or of any provision of this title;

   (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

   (III) engaged in any other fraudulent, unfair, or deceptive conduct; and

   (ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition prepare has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title . . . the court may enjoin the person from acting as a bankruptcy petition preparer.

11 U.S.C. § 110(j)(2).

54. The Defendant is a resident within the Northern District of Texas and has continually engaged in conduct in violation of section 110 of the Bankruptcy Code. An injunction prohibiting such conduct will not be sufficient to prevent the Defendant's interference with the

10

proper administration of the Bankruptcy Code, therefore, the Defendant is enjoined from acting as a bankruptcy petition preparer in the future within the Northern District of Texas.

55. Such injunctive relief includes a prohibition of any advertising within the Northern District of Texas, including but not limited to any Defendant-affiliated websites, and his assisting any person or entity in a bankruptcy case.

56. The injunction imposed hereunder is not based upon, and has no effect upon, any prior injunctions that have been issued against the Defendant.

58. If the Defendant violates this injunction, any affected party may bring an action for such violation in this Court.

**The Defendant should be fined $2,000 in accordance with 11 U.S.C. § 110(l)(1).**

59. "A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1).

60. The Defendant has failed to comply with sections 110(b)(2), 110(e)(2)(A), 110(g), and 110(h)(2). The Defendant is therefore subject to fines of not more $500 for each violation as set forth in Counts 1 through 5 of the Complaint, for a total fine of $2,000. *See* 11 U.S.C. § 110(l)(1).

**The Defendant shall be referred to the State Bar of Texas for the illegal practice of law.**

61. The Defendant has provided legal advice to Debtors regarding many aspects of their bankruptcy case. The Defendant has prepared pleadings, including at least one motion, for filing with a court. The Defendant does not hold a law license. The Defendant, therefore, shall be referred to the State Bar of Texas regarding his illegal practice of law.

**The Defendant is required to submit compliance reports to the United States Trustee.**

62.     A reporting system must be put in place to ensure the Defendant's future compliance with the injunction to be entered in this proceeding.  On or before June 30, 2016 and again on or before December 31, 2016, the Defendant shall provide the United States Trustee with a sworn statement regarding whether he is in compliance with this order of the Court.  If the Defendant fails to timely file such reports, the United States Trustee may seek redress in this Court, including further sanctions.  In addition, the failure to timely file such reports will be considered contempt of this Court.

**The United States Trustee shall upload a judgment within fourteen days.**

63.     Within fourteen days of these Findings of Fact and Conclusions of Law, the United States Trustee shall upload a judgment consistent with this Court's findings and conclusions.

###End of Findings and Conclusions###